UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOE SNOW, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:18-cv-03735-JPH-DLP |
| SEQUIUM ASSET SOLUTIONS, LLC a Georgia limited liability company, | ) ) ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on the Parties' Joint Motion for Entry of

Stipulated Protective Order (Dkt. 24). The Motion has been referred to the Undersigned

for a ruling. The parties' proposed protective order seeks to protect "personal information,

including the information protected by Fed. R. Civ. P. 5.2, account numbers, account data,

systems data, proprietary data, systems data, financial data, including net worth

information, financial statements and other financial statements." (Dkt. 24–1 at 1).

### I.    Applicable Standard

Under Federal Rule of Civil Procedure 26(c), litigants are permitted to seek

protective orders to guard against public disclosure of relevant and discoverable material.

Courts have a duty, however, to ensure that all proposed protective orders strike a proper

balance between the public's interest in accessing non-confidential information and the

parties' interest in maintaining confidentiality with regard to materials unsuited for

public disclosure. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d

943, 945 (7th Cir. 1999)[1].  Here, the Parties maintain that this procedural device is

necessary to protect the confidentiality of particularly sensitive information. Before

issuing the requested protective order, the Court must independently determine whether

"good cause" exists to issue the order. *Pierson v. Indianapolis Power & Light Co.*, 205

F.R.D. 646, 647 (S.D. Ind. 2002); *see also*, *Citizens*, 178 F.3d at 944-45; *see also*, Fed. R.

Civ. P. 26(c)(1)(G). A finding of good cause must be based on a particular factual

demonstration of potential harm, not on conclusory statements. 8 Charles Alan Wright,

Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2035, at 483-86

(2d ed. 1994).  Without this independent determination of good cause, the Court

essentially gives the Parties *carte blanche* to seal or protect whatever information they

desire. See *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind.

2001) (citing *Citizens,* 178 F.3d at 945). When reviewing a proposed protective order this

Court must ensure that

> (1) the information sought to be protected falls within a legitimate
> category of confidential information, (2) the information or category
> sought to be protected is properly described or demarcated, (3) the
> parties know the defining elements of the applicable category of
> confidentiality and will act in good faith in deciding which
> information qualifies thereunder, and (4) the protective order
> explicitly allows any party and any interested member of the public
> to challenge the sealing of particular documents.

*Pierson*, 205 F.R.D. at 647 (citing *Citizens*, 178 F.3d at 946); see also *Brown v. Auto.*

*Components Holdings, LLC*, No. 1:06–cv–1802–RLY–TAB, 2008 WL 2477588 (S.D. Ind.

---

[1] Although pretrial discovery is usually conducted in private, the Seventh Circuit has endorsed a
presumption of public access to discovery materials. See, *Felling v. Knight*, IP 01–0571–C–T/K, 2001 WL
1782360, *2 (S.D. Ind. Dec. 21, 2001) (citing *Citizens*, 178 F.3d 945).

June 17, 2008). The Court's evaluation of a proposed protective order need not be made on a document–by–document basis, if the Court is able to determine from the language of the proposed order that the parties know which category of information is legitimately confidential and that the parties are acting in good faith in deciding which documents should be protected. *Citizens*, 178 F.3d at 946. Using qualifiers such as "private," "confidential," or "proprietary" to describe the protected information, without more description, fails to assure the Court that the parties will be making good faith and accurate designations of information." *Pierson*, 205 F.R.D. at 647.

## II.   Analysis

The Court does not find good cause at this time to approve the parties' proposed protective order. The request to protect "account data, systems data, proprietary data, systems data, financial data, including net worth information, financial statements and other financial statements" is too vague, and "fails to instill confidence in the Court that the parties will know how to properly designate protected information.

Discrete closed categories of information must be explicitly delineated to satisfy the Seventh Circuit's requirements for protective orders." *Brown v. Swagway*, No. 3:15–cv–588–JD–MGG, 2017 WL 6816493 at *2 (N.D. Ind. Aug. 17, 2017) (citing *Pierson*, 205 F.R.D. at 647); see also *Simms v. New Penn Fin. LLC*, No. 3:15–cv–263–MGG, 2017 WL 3297779 at *4 (N.D. Ind. Aug. 2, 2017) ("proposed protective orders defining categories of confidential information only with qualifiers such as . . . 'proprietary' fail to assure the court that the parties know what constitutes confidential information.").

The Court struggles to comprehend a document that wouldn't fall under account,

systems, proprietary, or financial data in this type of case, a potential class action involving the Fair Debt Collection Practices Act.  Furthermore, the Parties list "systems data" and "financial statements" twice. Irrespective of whether those two categories are listed twice due to oversight or because they actually reference different documents, ambiguity does not lend itself to an effective protective order. If the Parties wish to more clearly define "account data, systems data, proprietary data, systems data, financial data, including net worth information, financial statements and other financial statements" they may, after conferring in good faith, file another protective order for the Court's consideration. Accordingly, the Court **DENIES** the Parties' protective order (Dkt. 24).

So ORDERED.

Date: 5/14/2019

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email